NATHANIEL WEBSTER, PLAINTIFF IN ERROR, vs. JOHN POWELL, DEFENDANT IN ERROR.

Under section 20, Article V, constitution of 1885 and section 1230, Revised Statutes, any civil cause may be tried before a practicing attorney as referee upon the application of the parties and an order from the court in whose jurisdiction the case may be, authorizing such trial and appointing such referee. Where a judgment purports to have been rendered by a referee, and none of the parties against whom it was rendered appeared before such referee until after judgment, and no order was ever made for the appointment of such referee, and none of the parties ever applied to the court for the appointment of such referee, it will be error for such referee to assume to act in such case and the judgment rendered by him will be reversed on writ of error.

Writ of Error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the Court.

*A. W. Cockrell & Son,* for Plaintiff in Error.

*John E. Hartridge,* for Defendant in Error.

CARTER, J.

This writ of error is taken from a judgment filed July 29, 1895, in the Circuit Court of Duval county, purporting to have been rendered by Charles M. Cooper as referee in favor of defendant in error against plaintiff in error and E. Rigney as late copartners doing business under the firm name and style of E. Rigney & Co. for $1,642.60 and costs. Proceedings for summons and severance have been perfected and the writ of error is being prosecuted in this court in the name of Webster alone.

Among other errors assigned it is insisted that there was no order from the court appointing the referee or authorizing a trial by a referee, and in view of our conclusion upon this assignment it becomes unnecessary for us to consider any other .

It appears that an action of assumpsit was begun September 2, 1889, in the Circuit Court of Duval county by defendant in error against plaintiff in error and E. Rigney sued as late partners doing business under the name of E. Rigney & Co., to recover upon a certain written obligation therein described. The summons, according to the sheriff's return, was duly served upon Rigney, but not served upon Webster as he could not be found. No appearance was ever entered for Rigney, nor was a plea filed for or default entered against him. Webster

was never served with a summons and no plea was ever filed for or default entered against him. He never appeared in the Circuit Court or before the referee until after notice of the referee's findings and judgment was served upon his counsel when he filed before the referee certain motions to set aside the findings and judgment, and for a new trial, and in arrest of judgment. No application to the court was ever made by any of the parties for the appointment of a referee and the court never made an order appointing a referee in this case. In what manner the papers in the case came to the possession of the referee, or by what authority he assumed to act does not appear.

Section 20, Article V, constitution of 1885, provides, among other things, that "any civil cause may be tried before a practicing attorney as referee upon the application of the parties and an order from the court in whose jurisdiction the case may be authorizing such trial and appointing such referee." Section 1230 Revised Statutes is to the same effect. There are no other provisions of law authorizing the appointment of a referee or authorizing a person to act as such and as none of the parties in this case ever applied for the appointment of a referee and the court never made an order appointing one, we are of opinion that the referee erred in assuming to act in this case, and for that reason the judgment must be reversed, not only as to Webster, but as to Rigney also.

The judgment is reversed and the cause remanded for further proceedings according to law.